UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD C. EVANS, an individual; JOAN M. EVANS, an individual; DENNIS TREADAWAY, an individual; and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZB, N.A., a national banking association, dba California Bank & Trust,<br><br>Defendant. | CIV. NO. 2:17-1123 WBS DD<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

Ronald C. Evans, Joan M. Evans, and Dennis Treadaway (collectively "plaintiffs") initiated this action on behalf of over fifty people against defendant ZB, N.A., a national banking association, doing business as California Bank & Trust ("CB&T"), for allegedly knowingly providing substantial assistance to a fraudulent scheme initiated by International Manufacturing Group, Inc. ("IMG"). Although plaintiffs are not, and never were, customers of defendant, they seek to recover from CB&T nonetheless. Presently before the court is defendant's Motion to

1

Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)").

Plaintiffs assert eight claims against CB&T for allegedly aiding and abetting the torts of IMG:[1] (1) Aiding and Abetting Fraud; (2) Securities Fraud; (3) Conspiracy to Commit Fraud; (4) Aiding and Abetting Breach of Fiduciary Duty; (5) Intentional Interference with Contract; (6) Negligence; (7) Penal Code § 496 Violation; and (8) Conspiracy to Violate Penal Code § 496.[2]

Plaintiffs allege that CB&T, as IMG's depository institution, owed plaintiffs a duty to protect them from IMG's intentional torts. The primary flaw with regard to this argument, which plaintiffs rely on for all of their claims, is that plaintiffs were neither CB&T customers nor had any relationship with CB&T, and a bank does not owe a duty of care to noncustomers unless extraordinary and specific facts are present. See Software Design & Application v. Hoefer & Arnett, 49 Cal. App. 4th 472, 479 (1st Dist. 1996). Because plaintiffs have alleged no such facts, CB&T was under no legal duty to warn plaintiffs about IMG's financial condition, nor did defendant owe a "duty to [plaintiffs] to investigate or disclose suspicious activities on the part of an account holder." See Casey v. U.S. Bank Nat'l Ass'n, 127 Cal. App. 4th 1138, 1149 (4th Dist. 2005).

---

[1] Plaintiffs have not sued IMG because the company filed for bankruptcy on May 30, 2014. (Compl. ¶ 9.) Plaintiffs have also not sued Deepal Wannakuwatte, IMG's Chief Executive officer, who pled guilty to federal fraud charges and was sentenced to twenty years in prison for this crime. (Compl. ¶ 4.)

[2] Plaintiffs have voluntarily dismissed their Aiding and Abetting Conversion claim. (Docket No. 25.)

In fact, federal law explicitly prohibits financial institutions from directly or indirectly disclosing nonpublic personal information to nonaffiliated third parties. See 12 U.S.C. § 3401 et seq.; 15 U.S.C. §§ 6801-6809(a).

Consistent with this, CB&T had "no duty to prevent commingling of assets in fiduciary accounts, to monitor fiduciary accounts for irregular transactions, to prevent improper disbursements from the accounts, or to conduct an investigation of possible misappropriation of funds." See Chazen v. Centennial Bank, 61 Cal. App. 4th 532, 541 (1st Dist. 1998). Because a bank does not have a duty to investigate or police its accounts, CB&T's "alleged knowledge of [a depositor's] suspicious account activities--even money laundering--without more, does not give rise to tort liability for the banks." See Casey, 127 Cal. App. 4th at 1141.

The only relevant question therefore becomes whether CB&T had actual knowledge that IMG was operating a Ponzi scheme and misappropriating funds. Id. at 1149. Here, plaintiffs have not pled sufficient facts to give rise to a plausible inference that defendant knew IMG was misappropriating funds. Plaintiffs simply allege that CB&T "knew that [IMG was] engaged in wrongful or illegal conduct . . . in breach of their fiduciary duties." Id. at 1152; see also Compl. ¶ 154 (alleging defendant had actual knowledge IMG was not using its investors' money for the designated purpose, thereby breaching its fiduciary duties.) To support their claim that CB&T was aware of IMG's Ponzi scheme, plaintiffs point to an October 2009 letter in which CB&T informed IMG that it intended to "disengage from the Lending relationship"

3

because "there has been little to no revolving of the outstanding balances." (Compl. ¶ 117). However, even if this demonstrates that CB&T was aware that IMG could not meet its financial obligations, it does not sufficiently allege that the bank knew that IMG was engaging in fraud and misappropriating money. Accordingly, plaintiffs' Complaint fails to plead more than "alleged knowledge," and instead "essentially alleges the [bank] knew something fishy was going on with the accounts opened by" IMG, see Casey, 127 Cal. App. 4th at 1149, which is insufficient to plead a cause of action for any of the eight claims plaintiffs assert against CB&T.

Moreover, even assuming that CB&T had actual knowledge of the fraud IMG was committing against plaintiffs, the court rejects plaintiffs' argument that CB&T was therefore obligated to terminate its depository relationship with IMG.[3] "A commercial lender is entitled to pursue its own economic interests in a loan transaction." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093, n.1 (3rd Dist. 1991). Therefore, while a bank may terminate a deposit account, it is not liable for failing to do so, even if it has notice of adverse claims or improper disbursements from a trust account. Chazen, 61 Cal. App. 4th. at 541. Accordingly, because CB&T had no duty to plaintiffs to terminate its banking relationship with IMG or to otherwise warn and protect plaintiffs from IMG's fraud,

---

[3] Notably, plaintiffs cite no authority for their contention that CB&T had a duty to terminate its banking relationship with IMG. In fact, plaintiffs concede that there are no known cases supporting this point. (Pls.' Opp'n at 20:8 (Docket No. 25).)

4

plaintiffs' claim against CB&T must be dismissed.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss (Docket No. 21) be, and the same hereby is, GRANTED.

Dated: December 19, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE