1  Robert L. Brace, State Bar No. 122240
   rlbrace@rusty.lawyer
2  1807 Santa Barbara Street
   Santa Barbara, CA  93101
3  Telephone:  805-845-8211

4
   Michael P. Denver, State Bar No. 199279
5  mpdenver@hbsb.com
   HOLLISTER & BRACE
6  A Professional Corporation
   1126 Santa Barbara Street
7  Santa Barbara, CA  93102
   Telephone: 805-963-6711
8  Facsimile: 805-965-0329

9

10  Attorneys for Plaintiffs and all others similarly situated

11              **UNITED STATES DISTRICT COURT**

12         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  RONALD C. EVANS, an individual; JOAN M. EVANS, an individual; DENNIS TREADAWAY, 14  an individual; and all others similarly situated, | Case No. 2:17-cv-01123-WBS-DB |
| 15                   Plaintiffs, | **MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL** |
| 16          vs. | **Date:        November 2, 2020** |
| ZB, N.A., a national banking association, dba 17  California Bank & Trust, | **Time:        1:30 p.m.** |
| | **Courtroom: 5** |
| 18            Defendant. | |
| 19  ZIONS BANCORPORATION, N.A., a national banking association, formerly known as ZB, N.A., 20  doing business as California Bank & Trust, | *Assigned to the Honorable William B. Shubb* |
| 21            Third-Party Plaintiff          vs. | Complaint Filed: May 26, 2017 Trial Date: None set |
| 22  JTS COMMUNITIES, INC., a California Corporation; LARRY A. CARTER, an individual; 23  JACK T. SWEIGART, an individual; and BRISTOL INSURANCE COMPANY, a 24  dissolved Utah corporation; and ROES 1-20 inclusive, | |
| 25            Third-Party Defendants. | |

26

27

28

---

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1

**TABLE OF CONTENTS**

I.    THE APPOINTMENT OF INTERIM CLASS COUNSEL IS NECESSARY TO
      PROTECT THE CLASS.................................................................................................1

II.   THE APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE TO
      STOP THE ABUSE OF PROCESS BY CB&T TO CONDUCT LEGITIMATE
      DISCOVERY WHICH INCLUDES THE PARTICIPATION OF CLASS COUNSEL,
      AND TO COORDINATE WITH RELATED CIVIL PROCEEDINGS WHILE
      TRYING TO SETTLE THE CASE...............................................................................3

      A.  The Appointment is Needed to Stop CB&T from Deposing Class Members in
          The JTS Litigation to Defeat Class Claims Asserted in this Class Action ..............3

      B.  The Interim Appointment May Help in Settling the Case and Keeping Control
          Over the Case in Federal Court if the Case is Not Settled......................................5

III.  PLAINTIFFS' COUNSEL MAY BE DESIGNATED AS INTERIM CLASS COUNSEL
      PURSUANT TO FED. R. CIV. P. 23(g) ........................................................................6

      A.  The Representative Plaintiffs Will Fairly and Adequately Represent the Class......7

      B.  Plaintiffs' Counsel Will Fairly and Adequately Represent the Class .....................9

          (i)  The Work Plaintiffs' Counsel Have Already Done In Identifying,
               Investigating, Filing the Claims as Well as Prevailing at the Ninth Circuit.......9

          (ii)  The Experience of Plaintiffs' Counsel in Handling Class Actions and Other
                Complex Litigation is of the Type Asserted in This Action...........................10

          (iii) Plaintiffs' counsel will commit the necessary resources to represent the class
                ...............................................................................................................11

IV.   CONCLUSION............................................................................................................11

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1

## TABLE OF AUTHORITIES

2

### *Cases*

3

4

*Donaldson v. Pharmacia Pension Plan*
2006 U. S. Dist. LEXIS 28607, 2006 WL 1208582 at *1 (S. D. Ill. May 10, 2006)................6

5

*In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*
234 F.R.D. 67 (S.D.N.Y. 2006)  ...............................................................................6

6

7

*Jenson v. Fiserv Trust Co.*
256 Fed Appx 924, 926 (9th Cir. 2007)...................................................................8

8

*Occidental Land, Inc. v. Superior Court,*
18 Cal.3d 355 (1976) ......................................................................................8, 9

9

10

*Parkinson v. Hyundai Motor Am.*
2006 U. S. Dist. LEXIS 59055, 2006 WL 2289801 at *2 (C.D. Cal. Aug. 7, 2006)................6

11

12

*United States v. Bohonus*
 628 F.2d 1167 (9th Cir. 1980) ..............................................................................8

13

*Vasquez v. Superior Court*
4 Cal.3d 800 (1971) .......................................................................................8, 9

14

15

### *Statutes and Rules*

16

12 C.F.R. §1.5(b) .............................................................................................2

17

Fed. R. Civil P. 23(g) ........................................................................................6

18

Fed. R. Civil P. 23(g)(1)(B) .................................................................................6

19

Fed. R. Civil P. 23(g)(1)(C) .................................................................................7

20

Fed. R. Civil P. 23(g)(C)(2)(A) .............................................................................6

21

22

23

24

25

26

27

28

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1
2

# I. THE APPOINTMENT OF INTERIM CLASS COUNSEL IS NECCESARY TO PROTECT THE CLASS

3
4
5
6
7
8
9
10
11

This is a class action. The named Plaintiffs in the caption are Ron and Joan Evans and Dennis Treadaway. The three volunteers who lost approximately $1 million act as fiduciaries for the benefit of the 60 plus putative class members who lost over $100 million. The named Plaintiffs' personal interests in the litigation against the bank are subservient to the interests of the unnamed class members. Their counsel are Robert L. Brace and Michael P. Denver; both lawyers focus their practices solely on Ponzi scheme class actions. The lawyers and their clients all work for the class members who are not physically present to actively participate in the case yet their rights are inevitably affected by the representatives' actions. That is why focused court oversight is always required and is now requested.

12
13
14
15
16

The named Plaintiffs seek the appointment of their counsel as "Interim Class Counsel" to protect class members from inappropriate contact by the Defendant bank, to mandate that class counsel be allowed to participate in the depositions of non-represented class members, to coordinate with related state court litigation, and to facilitate the productivity of ongoing settlement discussions.

17
18
19
20
21
22
23

The Plaintiffs contend in the First Amended Complaint ("FAC") that Defendant Zions Bancorporation N.A., doing business as California Bank and Trust ("CB&T") knowingly aided and abetted an investment Ponzi scheme perpetrated by Deepal Wannakuwatte ("Deepal") and International Manufacturing Group, Inc. ("IMG"). The fraud caused the named Plaintiffs and the 60 plus putative class members to lose close to $100 million (ECF No. 42). CB&T denies it had any knowledge of the Ponzi scheme. CB&T denies that it assisted the fraud in any way (ECF No. 54).

24
25
26
27
28

The Plaintiffs contend in the FAC that CB&T loaned IMG $21 million in nine separate loans, CB&T discovered IMG was a fraud no later than 2009 when it foreclosed on one loan, and thereafter, CB&T decided to allow the fraud to continue within its bank in order to get repaid the millions still owed by IMG on the 8 other loans. CB&T claims it was just dumb luck that it got repaid $21 million from investors' money and made a $3 million profit while having

MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL

24/7 access to the financial information showing that IMG was an obvious Ponzi scheme; while everyone else who invested their money in IMG lost their shirts while investing in the dark.

The Plaintiffs claim further that CB&T knew IMG was operating a Ponzi scheme because it conducted no less than 40 audits of IMG to determine IMG's use of the $21 million in loan proceeds and the source of money for IMG's repayments to CB&T. When making any loan, a regulated national bank must know the use of the loan proceeds by the debtor and the source of funds for the debtor's anticipated repayments to the bank. 12 C.F.R. § 1.5(b). CB&T claimed on appeal before the Ninth Circuit that it satisfied 12 C.F.R. § 1.5(b).  Unless the loan is a gift, the self-preservation of a bank mandates asking the borrower about the use of the money to be loaned and the anticipated source of funds to pay the money back.

Each of the 40 plus audits of IMG's business by CB&T resulted in the issuance of Credit Presentation Reports prepared by multiple senior CB&T employees reviewing facts and then consciously and intentionally approving: (i) the loans, (ii) the loan extensions, (iii) the waivers of defaults, (iv) the waivers of penalties, and (v) the multiple substitutions of collateral.

After more than 40 bank audits it is improbable that CB&T did not know that IMG used the $21 million in loan proceeds to pay for Deepal's luxurious lifestyle and to fund the mandatory Ponzi scheme lulling payments to earlier investors. After more than 40 bank audits of IMG it is improbable that CB&T did not know that IMG used new investor money as the sole source of funds to repay CB&T; especially when CB&T was contemporaneously watching with great interest each deposit from a defrauded investor and the concomitant internal transfer to CB&T to extinguish IMG's debt; and, all the while, CB&T had possession of all of the IMG wholesale account bank records. See Exhibit 5 to FAC, ECF No. 42.

Now, the Plaintiffs move the Court to appoint their lawyers as Interim Class Counsel to help manage the class case until the Plaintiffs file their motion for class certification pursuant to FRCP 23. That class cert motion will be filed no later than April 23, 2021. The motion will be filed after pre-certification discovery takes place and concludes by April 2, 2021, assuming the court approves the Evan's schedule as set out on pages 9 and 10 of ECF No. 70.

///

2

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1

2

**II.     THE APPOINTMENT OF INTERIM CLASS COUNSEL IS APPROPRIATE TO STOP THE ABUSE OF PROCESS BY CB&T, TO CONDUCT LEGITIMATE DISCOVERY WHICH INCLUDES THE PARTICIPATION OF CLASS COUNSEL, AND TO COORDINATE WITH RELATED CIVIL PROCEEDINGS WHILE TRYING TO SETTLE THE CASE**

3

4

The appointment of Robert Brace and Michael Denver as Interim Class Counsel is in the

5

best interests of the class and promotes justice for the following reasons:

6

7

**A.     The Appointment is Needed to Stop CB&T from Deposing Class Members in the JTS Litigation to Defeat Class Claims Asserted in this Class Action.**

8

A non-class aiding and abetting case was filed against CB&T **three years ago** by

9

several injured IMG investors entitled *JTS Communities, Inc., et al v. ZB, N.A., et al*, Case No.

10

34-2017-00213368 pending before Judge Krueger in the Superior Court, County of Sacramento

11

(hereinafter "*JTS v. ZB*"). JTS, Jack Sweigart and Larry Carter (collectively the plaintiffs in *JTS*

12

*v. ZB*) were recently sued in this case ("*Evans v. ZB*") by CB&T for indemnity as third party

13

defendants. These IMG investors were sued by CB&T even though JTS lost $27 million and it

14

was Sweigart and Carter who went undercover with the FBI in a sting operation targeting

15

Deepal Wannakuwatte. The two cases, *JTS v. ZB* and *Evans v. ZB*, are clearly related although

16

CB&T says they are separate, distinct and unrelated.

17

Discovery in *JTS v. ZB* has been substantial over the last three years with ten

18

depositions taken so far and the production of hundreds of thousands of IMG and Deepal bank

19

documents, including the important Credit Presentation Reports referred to above; documents

20

which have not been voluntarily produced to the Evans Plaintiffs in *Evans v. ZB* because of a

21

Protective Order in *JTS v. ZB* being unfairly enforced by CB&T.

22

Discovery in *JTS v. ZB* is still proceeding in State Court while discovery in *Evans v. ZB*

23

in Federal Court has been stayed prior to the Rule 26 Order being issued after the hearing on

24

September 28, 2020.  CB&T claims that it intends to depose between 10 and 20 additional

25

witnesses in *JTS v. ZB*. This discovery is after Judge Krueger concluded in a tentative decision

26

issued on September 9, 2020 that the facts already proffered by the JTS plaintiffs supported the

27

conclusion that CB&T had knowledge of the IMG Ponzi scheme while it assisted Deepal

28

causing damages to JTS. Judge Krueger ruled that JTS was entitled to a jury trial regarding the

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1   bank's knowledge. See ECF No. 70, Exhibits 1 and 2.

2   The appointment of Robert L. Brace and Michael P. Denver as Interim Class Counsel

3   will assist the Evans Plaintiffs' lawyers in coordinating with and participating in the discovery

4   taking place in *JTS v. ZB* while discovery also starts to take place in *Evans v. ZB*. An interim

5   appointment will also result in the protection of unnamed class members from potentially

6   prejudicial contact by CB&T, the defendant, under the guise of discovery in *JTS v. ZB*.

7   Submitted concurrently herewith is the Declaration of George Hollister, Esq., counsel to

8   Byron Younger. The Declaration states that Byron Younger was an IMG investor, a net loser of

9   over $17 million, and an identifiable class member pursuant to the scope of the definition of the

10  class in *Evans v. ZB*.  Last week, on September 17, 2020, CB&T took the deposition of Younger

11  pursuant to a subpoena issued and served in *JTS v. ZB*. The deposition of Younger took place 3

12  days after the parties filed their Joint Rule 26 whereby CB&T claims discovery in *Evans v. ZB*

13  should be tolled for a year pending Plaintiffs success in a Motion for Class Certification. ECF

14  No. 70.

15  Attorney Brace and attorney Denver were not informed of and not invited to attend the

16  Younger deposition. According to attorney Hollister, the clear purpose of the bank's unilateral

17  discovery exercise was to obtain testimony from Younger to use against Younger on his class

18  claim in *Evans v. ZB* and to defeat class certification on the issues of commonality and

19  typicality.  Hollister declares that the vast majority of the questions asked Younger by counsel

20  for CB&T concerned the facts of Younger's claims being asserted against CB&T by the Evans

21  class representatives. According to attorney Hollister, the deposition noticed and taken in *JTS v.*

22  *ZB* was an abuse of the State Court discovery process in *JTS v. ZB* because the obvious goal of

23  the bank was to diminish or eliminate Younger's damage claim prosecuted by the putative class

24  representatives in Federal Court.   Plaintiffs' counsel have ordered a copy of the Younger

25  deposition transcript and will be prepared to discuss it with the Court at the upcoming hearing.

26  The appointment of Plaintiffs' counsel as Interim Class Counsel would force CB&T to

27  include class counsel in any future communications with putative class members concerning

28  their claims as investors in IMG. The protection of un-named class members would apply to

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1    discovery in *JTS v. ZB*, discovery in *Evans v. ZB* and any informal attempts by CB&T to discuss

2    the class claims with class members without Interim Class Counsel being present.  It was

3    fortunate for due process purposes that Younger was represented by competent counsel, George

4    Hollister, who could defend him at the deposition in *JTS v. ZB* and object to the abuse of the

5    discovery process because it excluded class counsel from *Evans v. ZB*. The abuse of process

6    objection was repeatedly made on the Younger deposition record by Hollister.

7            **B.**        **The Interim Appointment may help in Settling the Case and Keeping**

8    **Control over the Case in Federal Court if the Case is Not Settled.**

9           Based on Plaintiffs' counsels' years of experience prosecuting class action Ponzi scheme

10    cases against banks, the Plaintiffs know that institutional defendants avoid funding litigation

11    against themselves. Well represented institutional defendants, generally, insist on writing only

12    one settlement check intended to close all of the litigation in its entirety. The Plaintiffs have

13    been under the belief in the negotiation process with CB&T that the bank, if it wants to settle,

14    wants to settle the case and close the entire file.

15           Plaintiffs and CB&T retained and then mediated before the Honorable Richard Gilbert

16    (Ret.) on August 17, 2020.  The parties were not able to settle the case at the mediation.

17    Subsequently, the parties continued to engage in settlement discussions but, as of this filing, have

18    been unable to reach an agreement.  The parties intend to continue to engage in settlement

19    discussions, with or without the involvement of the mediator.

20        To assume the possibility of an actual future settlement agreement, all of the participants

21    believe there should be no additional litigation against ZB filed by other IMG investors and no

22    opt-outs of a reasonably priced settlement agreement approved by the court. The worst case

23    scenario for the Court, for CB&T, and for the Evans class members represented by attorneys

24    Denver and Brace would be the filing of multiple individualized cases by multiple plaintiffs'

25    counsel in multiple courts. Attorneys' Denver and Brace believe that the filing of competitive

26    individualized cases by IMG investors who suffered substantial damages is a real risk and the

27    appointment of Interim Class Counsel will help to reduce that risk.

28         This case is not stale because of the Ninth Circuit ruling in *Evans v. ZB* (ECF No. 37),

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1   this Court's tolling of the statute of limitations against CB&T until May 2016 (ECF No. 50), the

2   further tolling of the statute of limitations by the filing of the original class action complaint on

3   May 26, 2017 (ECF No. 1), and Judge Krueger's ruling that there will be a jury trial in *JTS v. ZB*

4   on the issue of CB&T's knowledge (Exhibit 2 of ECF No. 70).

5       The Court's appointment of attorneys Denver and Brace as Interim Class Counsel, after

6   concluding they are adequate, may help persuade the un-named class members and their

7   potential counsel to accept Interim Class Counsels' prosecution of *Evans v. ZB* in Federal Court

8   as the legitimate litigation vehicle to either settle or try the case on their behalf assuming it is

9   certified as a class action. The designation of Plaintiffs' counsel as Interim Class Counsel for the

10  putative class pursuant to Fed. R. Civ. P. 23(g) will assist in the efficient resolution of this

11  ongoing matter.

12  **III.    PLAINTIFFS' COUNSEL MAY BE DESIGNATED AS INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**

13

14      Fed. R. Civ. P. 23(g)(C)(2)(A) provides that the Court may designate interim counsel to

15  act on behalf of the putative class before determining whether to certify the action as a class

    action.  If there is only one applicant for appointment, the Court may appoint that applicant only

16  if he or she is adequate to act as class counsel.

17      Here, there is one application to appoint Robert L. Brace and Michael P. Denver.  This

18  action is the only putative class action pending. Courts that have construed Rule 23 have relied

19  on the Advisory Committee Notes which limit the use of interim counsel appointments to

20  circumstances that are necessary to protect the interests of the putative class pending class

    certification or the denial of class certification See, e.g., *Parkinson v. Hyundai Motor Am.,* 2006

21  U. S. Dist. LEXIS 59055, 2006 WL 2289801 at *2 (C.D. Cal. Aug. 7, 2006); *Donaldson v.*

22  *Pharmacia Pension Plan,* 2006 U. S. Dist. LEXIS 28607, 2006 WL 1208582 at *1 (S. D. Ill.

23  May 10, 2006).  The need to protect the interests of the class members may arise in order to

24  adequately conduct discovery, to prepare for class certification, to prepare or respond to critical

25  motions, to discuss settlement before certification, or to resolve uncertainty among competing

26  interests for the benefit of the class.  *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.,*

    234 F.R.D. 67, 69-70 (S.D.N.Y. 2006).

27

28      Appointing Interim Class Counsel in this case at this stage will support the above noted

    goals.  Fed. Rule Civ. P. 23(g)(1)(B) provides that an attorney appointed to serve as class

6

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1   counsel must fairly and adequately represent the interests of the class.  Fed. Rule Civ. P.

2   23(g)(1)(C) provides that when appointing class counsel, the Court must consider:

3       •   the work counsel has already done in identifying and investigating potential claims;

4       •   counsels' experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

5       •   counsels' knowledge of the applicable law; and

6       •   the resources counsel will commit to representing the class.

7       As shown below, and in the accompanying Declarations of Robert L. Brace and Michael

8   P. Denver, the Plaintiffs' attorneys will fairly and adequately represent the class. Also set out in

9   the Declarations is the fact that the named Plaintiffs will act appropriately in representing the

10  class as class representatives. The named Plaintiffs have agreed to subordinate their own private

11  interests in the litigation and to focus their efforts on achieving what is in the best interests for

12  all of the IMG investors as a collective group injured by Deepal with the help of CB&T.

13      **A.      The Representative Plaintiffs Will Fairly and Adequately Represent the Class.**

14

15      Before considering Plaintiffs' counsels' adequacy, a showing should be made that the

16  clients who retained them will perform to the satisfaction of the Court as fiduciaries.  There are

17  three named representative Plaintiffs with roughly $1,000,000 stolen by IMG with the help of

18  CB&T. Ronald C. Evans and Joan N. Evans lost $50,000 in 2014 at the end of Deepal's

19  scheme. Dennis Treadaway invested in IMG over many years and lost close to $950,000 at the

20  end. A copy of the Fee Agreement signed by Evans is attached to the Declaration of Michael P.

21  Denver as Exhibit 1.  Treadaway has executed a fee agreement with the same terms and

22  conditions. (Denver Decl. ¶ 1).

23      Even with large claims like Treadway's, the representative Plaintiffs have agreed to act

24  as class representatives knowing they may recover less than they would if the case was

25  prosecuted solely for their benefit.  (Denver Decl. ¶ 12).

26      The claims of the representative Plaintiffs are typical of the claims of the class as a

27  whole. The facts and law are common to all IMG investors and the interests of the named

28  Plaintiffs are consistent with and not antagonistic to the interests of the members of the class.

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1    CB&T's contends that each fraud committed by Deepal on each IMG investor was a

2  unique transaction involving distinct written and oral communications requiring each investor to

3  come to the trial in order to justify that they reasonably relied on the false statements in order to

4  prove all four elements of fraud.  According to CB&T, the Plaintiffs must prove the distinct

5  false facts made by Deepal and individual reasonable reliance by each investor. This means that

6  individualized facts will predominate over common facts making class certification

7  unproductive because each class member must testify anyway.

8    However, the aiding and abetting fraud liability for a bank is uniquely suited for class

9  treatment because the primary tortfeasor (Deepal Wannakuwatte) has already been convicted of

10  defrauding all of the class members. The conviction itself presupposes reasonable reliance by all

11  of the IMG investors. *United States v. Bohonus*, 628 F.2d 1167 (9th Cir. 1980). The government

12  proves specific intent for wire fraud if it proves that the scheme was "reasonably calculated to

13  deceive persons of ordinary prudence and comprehension." *Id.,* at 1172. Therefore, the subject

14  Ponzi scheme was reasonably calculated to deceive persons of ordinary prudence and

15  comprehension and it did so in this case as to each investor.

16    Furthermore, the Evans class allegations on actual and justifiable reliance satisfy *Vasquez*

17  *v. Superior Court*, 4 Cal.3d 800 (1971) and *Occidental Land, Inc. v. Superior Court,* 18 Cal.3d

18  355 (1976), which hold that, in the class context, the presumption of justifiable reliance arises

19  from the payment of money caused by uniform misrepresentations.  *Vasquez, supra* at 814;

20  *Occidental, supra* at 363.  The justifiable reliance presumption endorsed by the California State

21  Supreme Court applies to fraud cases filed in Federal court based on diversity jurisdiction.

22  *Jenson v. Fiserv Trust Co.* 256 Fed Appx 924, 926 (9th Cir. 2007) (citing *Vasquez* in support of a

23  class-wide presumption of reliance where "the 'center of gravity' of the investment company's

24  fraud predominated over details of individual communications. Thus, the investment company's

25  underlying Ponzi scheme fraud could be proved on a class basis.")

26    Investor reliance is determined by the fraud committed by IMG.  Deepal could never

27  argue, in this court or any court, that he was entitled to retain the stolen funds because the

28  investors' reliance on IMG's misrepresentations was unreasonable.  The existence of IMG's

8

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1    underlying fraud was litigated.  IMG's principal plead guilty and he now resides in a Federal

2    Penitentiary in Lompoc with a nine figure Restitution Order entered in favor of the IMG net-

3    loser investors.  The underlying IMG fraud existed, was proven in litigation, and a Judgment

4    has been entered in that regard.

5         Under *Vasquez* and *Occidental*, Plaintiffs have alleged sufficient facts to establish the

6    presumption of reliance with respect to IMG's underlying fraud.   Otherwise, a class action

7    cannot be maintained if each plaintiff must explain their subjective reasons for buying into

8    Deepal's scheme.  The lightened pleading requirement for reliance is satisfied with allegations

9    of uniform material false facts and reliance thereon by the parting of substantial money.

10   *Vasquez,* supra at 814; and *Occidental, supra* at 363.

11        **B.       Plaintiffs' Counsel Will Fairly and Adequately Represent the Class.**

12        In selecting class counsel, the Court is required to consider four elements which are

13   satisfied by Plaintiffs' counsel.

14                 **(i)      The work Plaintiffs' counsel have already done in identifying,
                              investigating, filing the claims as well as prevailing at the Ninth**

15                            **Circuit.**

16

17        Evans formally retained Plaintiffs' counsel on May 3, 2017.  After that date, Plaintiffs'

18   counsel expended thousands of hours and incurred substantial costs in prosecuting the matter as

19   set forth in the accompanying Declarations.  (Brace Decl. ¶ 13; and Denver Decl. ¶ 14).

20        Work performed has included: (i) investigating the claims and drafting the class

21   complaint which was filed on May 26, 2017; (ii) briefing the opposition to CB&T's original

22   motion to dismiss and arguing at the motion hearing; (iii) appealing the Court's dismissal of

23   Plaintiffs' original Complaint to the Ninth Circuit, briefing the appeal and successfully arguing

24   for reversal and remand because, among other things, the facts of the case support the inference

25   that CB&T had actual knowledge of the Ponzi scheme and provided substantial assistance to it

26   in order to get repaid its $21 million in loans; (iv) preparing the First Amended Complaint; (v)

27   successfully overcoming CB&T's second motion to dismiss;  (vi) initiating settlement talks with

28   CB&T; and (vii) mediating the case with Judge Gilbert after preparing a Mediation Brief.

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**

1    Other actions performed in identifying, investigating and prosecuting potential claims

2    include, but are not limited to:

3    • Reviewing thousands of pages of documents produced by Plaintiffs, JTS, the

4      trustee and other third parties – excluding CB&T;

5    • Communicating back and forth with the trustee's attorneys and the attorneys for

6      JTS who filed the individual State Court Action after the Evans' complaint was

7      filed;

8    • Communicating back and forth with CB&T's attorneys;

9    • Legal research on the various legal theories applicable to the facts as they have

10     developed;

11   • Communicating with the prosecutors of Deepal Wannakuwatte;

12   • Drafting discovery requests for upcoming use;

13   • Preparing a database for claimant information and performing preliminary claims

14     administration;

15   • Designing and posting information on Hollister & Brace's website at

16     www.hbsb.com; and

17   • Reviewing bank documents and tracing substantial amounts of the stolen

18     investor funds.  (Denver Decl. ¶ 14).

19   The work already performed by Plaintiffs' counsel in identifying and investigating the

20   facts giving rise to the claims asserted is substantial.

21   **(ii)    The experience of Plaintiffs' counsel in handling class actions and other complex litigation of the type asserted in this action.**

22

23   Hollister & Brace, a professional corporation, has been in existence for over 60 years

24   and is listed in Martindale-Hubbell's Register of Preeminent Lawyers.  Robert L. Brace, a

25   former Hollister & Brace shareholder has been an attorney since 1985 and an AV rated attorney

26   since 1993. Michael P. Denver, a current shareholder at Hollister & Brace, has been an attorney

27   since 1999 and has been rated AV Preeminent by Martindale Hubble since 2011.  Both Brace

28   and Denver have extensive experience in similar Ponzi scheme litigation which is detailed in

10

1  their concurrently submitted Declarations.  As detailed in the Declarations:

2  •      Brace and Denver have, combined, over 50 years of experience in complex

3         litigation recovering hundreds of millions in settlements from institutional

4         defendants in Ponzi scheme cases; and

5  •      The lawyers have served as lead counsel in class actions, including as counsel to

6         classes of people asserting aiding and abetting claims against national banks and

7         other financial institutions.

8  **(iii)      Plaintiffs' counsel will commit the necessary resources to represent the class.**

9      Brace and Denver have successfully prosecuted numerous class actions, fronting the

10 litigation costs which can be exorbitant. Brace and Denver understand the significant risks

11 involved in this type of litigation.  As per the fee agreement, if this case is prosecuted as a class

12 action, Plaintiffs' counsel will advance all of the necessary litigation costs needed to be

13 expended to see the case through to conclusion.  No outcome is certain.  What is certain is that

14 Brace and Denver, along with support staff, will prosecute this case to the fullest extent of their

15 ability without reservation.

16 **IV.      CONCLUSION**

17      For the forgoing reasons, Plaintiffs request that Robert L. Brace and Michael P. Denver

18 be designated by the Court as Interim Class Counsel.

19 Dated:  September 22, 2020                          Respectfully submitted,

20                                                     HOLLISTER & BRACE
                                                       A Professional Corporation
21

22

23 By _/s/ Robert L. Brace_              By _/s/ Michael P. Denver_
       Robert L. Brace                       Michael P. Denver
24     Attorneys for Plaintiff               Attorneys for Plaintiff

25

26

27

28

11

**MEMORANDUM IN SUPPORT OF MOTION TO BE APPOINTED AS INTERIM CLASS COUNSEL**