ROBERT S. ADDISON, JR. (SBN 188565)
C. DANA HOBART (SBN 125139)
MANCY PENDERGRASS (SBN 252705)
BUCHALTER, A Professional Corporation
1000 WILSHIRE BLVD STE 1500
LOS ANGELES, CA 90017
Telephone: (213)-891-0700
Facsimile: (213)-896-0400
Email:   raddison@buchalter.com
         dhobart@buchalter.com
         mpendergrass@buchalter.com

ROBERT S. MCWHORTER (SBN 226186)
JARRETT S. OSBORNE-REVIS (SBN 289193)
BUCHALTER, A Professional Corporation
500 CAPITOL MALL, SUITE 1900
SACRAMENTO, CA 95814
Telephone: (213)-891-0700
Facsimile: (916)-945-5170
Email:   rmchworter@buchalter.com
         josbornerevis@buchalter.com

Attorneys for Defendant, ZIONS BANCORPORATION, N.A., a national banking association, formerly known as ZB, N.A., doing business as California Bank & Trust

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| RONALD C. EVANS, an individual; JOAN M. EVANS, an individual; DENNIS TREADAWAY, an individual; and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ZB, N.A., a national banking association, dba California Bank & Trust,<br><br>Defendant. | No. 2:17-cv-01123-WBS-DB<br><br>**STIPULATED PROTECTIVE ORDER** |
| ZIONS BANCORPORATION, N.A., a national banking association, formerly known as ZB, N.A., doing business as California Bank & Trust,<br><br>Third-Party Plaintiff<br><br>vs.<br><br>JTS COMMUNITIES, INC., a California Corporation; LARRY A. CARTER, an individual; JACK T. SWEIGART, an individual; and BRISTOL INSURANCE COMPANY, a dissolved Utah corporation; and ROES 1-20 inclusive,<br><br>Third-Party Defendants. | |

Plaintiffs Ronald C. Evans, Joan M. Evans, and Dennis Treadaway, (the "Putative Class Action Representatives"), Defendant, Zions Bancorporation, N.A., a national banking association, formerly known as ZB, N.A., doing business as California Bank & Trust ("CB&T"), and Third Party Defendants JTS Communities, Inc., Larry A. Carter, Jack T. Sweigart, and Bristol Insurance Company (collectively, "Third Party Defendants," and together with the Putative Class Action Representatives and CB&T, the "Parties") in good faith believe that certain documents in this matter contain information that is confidential, or potentially invasive of individual and/or corporate privacy interests. For these reasons, the Parties hereby agree that documents subject to this Stipulated Protective Order shall be designated as "Confidential."

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. DEFINITIONS

2.1 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party believes in good faith is entitled to protection under contract, applicable California or Federal law, or because of professional responsibility to a client. CONFIDENTIAL information or items include, but are not limited to, trade secrets or other confidential research, development, or commercial information, or confidential financial information of a Party or third party such as account records, account numbers, or social security numbers.

2.2 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.3     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.4     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its attorneys to serve as an expert witness or as a consultant in this action.

2.6     "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party believes in good faith contains extremely sensitive CONFIDENTIAL information or items whose disclosure to another Party or Non-party would create a substantial risk of serious injury or violation of law that could not be avoided by less restrictive means such that disclosure should be limited to the persons in Section 6.2(a), (c), (d), (e), (f), (g), (h), (k), (l), and (m).

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Objecting Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as their employees and support staffs.

2.11    Party: any party to this action, including all of its officers, directors, employees, and consultants.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

STIPULATED PROTECTIVE ORDER
C0376.0057 BN 42344889v1

2

Case No. 2:17-cv-01123-WBS-DB

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order.

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied from Protected Material; (2) all copies, excerpts and summaries of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

STIPULATED PROTECTIVE ORDER
C0376.0057 BN 42344889v1

3

Case No. 2:17-cv-01123-WBS-DB

reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

All documents and materials produced to counsel for the other parties pursuant to this Stipulated Protective Order shall either be destroyed or returned to the Designated Party in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be returned to counsel for the Parties or destroyed.

This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the Parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly designated before the material is disclosed or produced.

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

STIPULATED PROTECTIVE ORDER
C0376.0057 BN 42344889v1

4

Case No. 2:17-cv-01123-WBS-DB

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to the document.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Alternatively, immediately following the deposition, hearing, or other proceeding, and before the transcript of the proceeding has been delivered to the Designating Party, the Designating Party may designate the entirety of the testimony as confidential.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.  The entirety of said testimony shall remain confidential pending the Designating Party's reasonable opportunity to timely review the transcript of said testimony and to designate only appropriate portions therein as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"."  A reasonable opportunity to timely review the transcript and designate portions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this paragraph shall be 20 days from the date of notification from the

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

STIPULATED PROTECTIVE ORDER
C0376.0057 BN 42344889v1

5

Case No. 2:17-cv-01123-WBS-DB

Court reporter that the transcript is complete, unless otherwise agreed by the Parties. Any testimony not designated within this 20-day period shall not be deemed Protected Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) information that has been designated as protected material pursuant to a protective order entered in another case or proceeding, and which is in the possession of or received by a Party or Non-Party, shall be deemed to have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order.

5.3     <u>Inadvertent Failures to Designate</u>.

Should any Producing Party fail to designate any Discovery Material that should have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, through inadvertence or otherwise, the Producing Party shall promptly (a) inform counsel for the other party of the circumstances of the failure to designate, and (b) reproduce the Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this Protective Order.

If timely corrected (i.e., reasonably promptly following disclosure), an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.      ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case, *Ronald C. Evans, et al. v. ZB N.A.*, Case No. 2:17-cv-01123-WBS-DB (E.D.C.A.) only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

6

**STIPULATED PROTECTIVE ORDER**
C0376.0057 BN 42344889v1

Case No. 2:17-cv-01123-WBS-DB

categories of persons and under the conditions described in this Stipulated Protective Order. Notwithstanding the foregoing, this Protective Order shall not prohibit an attorney for a Receiving Party, who receives Protected Materials, from filing another action based upon knowledge derived from the Protected Materials; however, in doing so an attorney for a Receiving Party shall not disclose content of Protected Materials, which will otherwise remain protected pursuant to the terms of this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action and its House Counsel;

(b)     the Receiving Party (including its officers, directors, partners, members, employees and agents that counsel for the Receiving Party deems necessary to aid counsel in the prosecution and defense of this action);

(c)     Paralegal, clerical, and secretarial personnel regularly employed as counsel referred to in subpart (a) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(d)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court and its personnel;

(f)     court reporters and their staff;

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

7

STIPULATED PROTECTIVE ORDER
C0376.0057 BN 42344889v1

Case No. 2:17-cv-01123-WBS-DB

    (g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (h) any deposition, trial or hearing witness in this action who previously has had access to the Protected Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Protected Materials;

    (i) any deposition or non-trial hearing witness in this action who previously did not have access to the Protected Materials. Notwithstanding the foregoing sentence, a witness in a deposition or non-trial hearing may be given access to Protected Materials if they are advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order, that they may not be Disclosed other than pursuant to its terms, and that they execute the "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A ("Acknowledgement"). Unless otherwise agreed by the Designating Party or ordered by the court, if the witness refuses to sign the Acknowledgement, the witness may not be given access to the Protected Materials, but the examining Party may suspend the examination pending a request or motion to the Court seeking approval to provide the witness access to the Protected Materials.

    (j) any putative class member in this action who previously did not have access to the Protected Materials. Notwithstanding the foregoing sentence, a putative class member may be given access to Protected Materials if they are advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order, that they may not be Disclosed other than pursuant to its terms, and that they execute the Acknowledgment. The Acknowledgment executed by a putative class member shall be provided to the Parties within 7 days of execution. Unless otherwise agreed by the Designating Party or ordered by the court, if the putative class member refuses to sign the Acknowledgement, the putative class member may not be given access to the Protected Materials;

    (k) the finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

(l)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(m)     any other person that the Designating Party agrees to in writing.

6.3     <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to the persons in Section 6.2 (a), (c), (d), (e), (f), (g), (h), (k), (l), and (m).

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and,

(c)     cooperate with respect to all reasonable legal procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  If the Designating Party fails to seek a protective order within fourteen (14) days after receiving the notice pursuant to this Section, the Receiving Party may produce the Protective Material responsive to the subpoena or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

9

STIPULATED PROTECTIVE ORDER
C0376.0057 BN 42344889v1

Case No. 2:17-cv-01123-WBS-DB

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

   (a)     The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

   (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      (2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and,

      (3)     make the information requested available for inspection by the Non-Party.

   (c)     If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

10

**STIPULATED PROTECTIVE ORDER**
C0376.0057 BN 42344889v1

Case No. 2:17-cv-01123-WBS-DB

Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the disclosure of a communication or information covered by the attorney-client privilege or work product protection shall not constitute a waiver in this or any other proceeding.

11. MISCELLANEOUS

11.1 Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

11.2 Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order. Nothing herein shall be deemed to

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

11

STIPULATED PROTECTIVE ORDER
C0376.0057 BN 42344889v1

Case No. 2:17-cv-01123-WBS-DB

waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Stipulated Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

    11.3    <u>Filing Protected Material in Court.</u>

(a)    Without written permission from the Designating Party, a court order under Federal Rule of Civil Procedure 5.2(d), or complying with Section 11.3(b) herein, a Party may not file in the public record in this action any material that is Protected Material.

(b)    A party that plans to file with the Court in this action documents or materials that are Protected Material shall comply with the requirements in Local Rule 141 (Fed. R. Civ. P. 5.2, 26) for the Sealing of Documents. Protected Material that is not sealed by the Court after the Receiving Party files the required "Request to Seal Documents" may be filed in Court and become part of the public domain upon filing.

12.    FINAL DISPOSITION

Within 2 years after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 2-year deadline that it has complied with this Section. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

12

**STIPULATED PROTECTIVE ORDER**
C0376.0057 BN 42344889v1

Case No. 2:17-cv-01123-WBS-DB

**IT IS SO STIPULATED.**

DATED: October 27, 2020

By: /s/ Robert Brace
ROBERT L. BRACE
Attorneys for Plaintiffs and
all others similarly situated

DATED: October 27, 2020         HOLLISTER & BRACE
A Professional Corporation

By: /s/ Michael Denver
MICHAEL P. DENVER
Attorneys for Plaintiffs and
all others similarly situated

Dated: October 27, 2020         BUCHALTER, A Professional Corporation

By: /s/ Mancy Pendergrass
Robert S. McWhorter
Robert S. Addison
C. Dana Hobart
Mancy Pendergrass
Jarrett S. Osborne-Revis

Attorneys for Defendant,
Zion Bancorporation, N.A., a national banking
association, formerly known as ZB, N.A.,
doing business as California Bank & Trust

DATED: October 28, 2020         By: /s/ Ian Craig
IAN CRAIG
GLEN PETERSON
Attorneys for Third Party Defendants

BUCHALTER
A Professional Corporation
Sacramento

13

**STIPULATED PROTECTIVE ORDER**
C0376.0057 BN 42344889v1

Case No. 2:17-cv-01123-WBS-DB

**CONCLUSION**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

14

**STIPULATED PROTECTIVE ORDER**
C0376.0057 BN 42344889v1

Case No. 2:17-cv-01123-WBS-DB

6.  The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: November 2, 2020           /s/ DEBORAH BARNES
                                                      UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____, 2020 in the case of *Ronald C. Evans, et al. v. ZB N.A.*, Case No. 2:17-cv-01123-WBS-DB (E.D.C.A.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____