```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   EASTERN DISTRICT OF CALIFORNIA
10                            ----oo0oo----
11
12   RONAL C. EVANS, an individual;    No. 2:17-cv-01123-WBS-DB
     JOAN M. EVANS, an individual;
13   DENNIS TREADAWAY, an individual;
     and all others similarly
14   situated                          MEMORANDUM AND ORDER RE:
                                       MOTION TO BE DESIGNATED AS
15              Plaintiffs,            INTERIM CLASS COUNSEL
16        v.
17   ZB, N.A., a National Banking
     Association, dba California Bank
18   & Trust
19              Defendant.
20   ZIONS BANCORPORATION, N.A., a
     National Banking Association,
21   formerly known as ZB, N.A., dba
     California Bank & Trust,
22
                Third-Party Plaintiff,
23
          v.
24
     JTS COMMUNITIES, INC., a
25   California Corporation; LARRY A.
     CARTER, an individual; JACK T.
26   SWEIGART, an individual; and
     BRISTOL INSURANCE COMPANY, a
27   dissolved Utah corporation; and
     ROES 1-20 inclusive,
28
                                    1
```

Third-Party Defendant.

----oo0oo----

Plaintiffs, as putative class representatives, allege that the defendant CB & T Bank (formerly known as Zions Bancorporation, N.A.)("defendant" or "CB & T") knowingly aided and abetted a Ponzi scheme perpetrated by Deepal Wannakuwatte ("Wannakuwatte") while using his company International Manufacturing Group, Inc. ("IMG") to defraud investors. (First Amended Complaint ("FAC") (Docket No. 42).)  Before the court is plaintiffs' motion to have Robert L. Brace and Michael P. Denver designated as interim class counsel.  ("Mot. To Be Designated as Interim Class Counsel") (Docket No. 71).

I.   Discussion[1]

Federal Rule of Civil Procedure 23(g)(3) provides that "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  The court may do so "if necessary to protect the interests of the putative class." Fed. R. Civ. P. 23, advisory committee's notes.  In some cases, "there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate."  Id.  The advisory

---

[1] The court previously recited the factual and procedural background in depth in its order granting defendants' motions to dismiss.  (See Order Granting Motion to Dismiss at 1-5 (Docket No. 50).)  Accordingly, the court will refrain from doing so again.

2

1  committee notes contemplate that interim counsel may be necessary
2  to ensure that one attorney or firm is responsible for "tak[ing]
3  action to prepare for the certification decision, can "make or
4  respond to motions before certification", and so that
5  "[s]ettlement may be discussed before certification."  Id.
6        Plaintiffs contend that the appointment of Brace and
7  Denver as interim class counsel is permitted under Federal Rule
8  of Civil Procedure 23(g)(3) and necessary to protect the putative
9  class.  (Mot. To Be Designated as Interim Class Counsel at 6.)
10 However, none of the factors contemplated by the Rule 23 advisory
11 committee's notes to justify appointing interim counsel appear to
12 apply here.  There is no rivalry here among competing law firms
13 to represent the putative class.  See In re Seagate Tech. LLC
14 Litig., No. 16-cv-00523-RMW, 2016 WL 3401989, at *3 (N. D. Cal
15 June 21, 2016) (denying appointment of interim counsel because
16 "this case does not involve competing lawsuits pending in
17 district court that may be consolidated in the near future, nor
18 is there a gaggle of firms jockeying to be appointed class
19 counsel.")  Indeed, Brace and Denver have represented the named
20 plaintiffs and putative class since the complaint was filed in
21 2017.  (See Compl. at 1.)  Brace and Denver have proven to be
22 perfectly able to make and respond to motions in this case.
23        Plaintiffs additionally argue that the appointment of
24 Brace and Denver as interim class counsel is needed to prevent
25 defendant from unfairly using depositions of class members in the
26 related JTS litigation in state court to defeat asserted class
27 claims in this action.  (Mot. To Be Designated as Interim Class
28 Counsel at 3.)  However, that argument has been rendered moot.

3

Following the parties' status conference on September 28, 2020, defendant has agreed to (i) permit the use in the present case of all discovery taken in the JTS state court action, (ii) to produce to plaintiffs in this action all documents that they have produced in the JTS action, and (iii) permit plaintiffs' counsel to attend depositions in the JTS action.  (Opp'n. to Mot. at 7.)

Plaintiffs also claim that appointing Brace and Denver as interim class counsel will assist in settling the case.  (Mot. To Be Designated as Interim Class Counsel at 5.)  However, the parties have already retained a mediator and participated in a full day of mediation on August 17, 2020.  (Opp'n. to Pls.' Mot. to Be Designated as Interim Counsel (Docket No. 77) at 6). Thus, it does not appear that interim class certification is necessary to facilitate settlement talks between the parties.

For the first time on reply, plaintiffs contend that if Brace and Denver are not appointed as interim class counsel, they will be barred from contacting other putative class members and being present at or representing them during their depositions. (See Reply Br. in Supp. of Mot. at 8 ("Reply") (Docket No. 79).) They base this contention on Rule 7.3 of the California Rules of Professional Conduct.  That rule provides that lawyers shall not "by in-person, live telephone, or real-time electronic contact solicit professional employment when a significant motive for doing so is the lawyer's pecuniary gain, unless the person contacted: 1) is a lawyer or 2) has a family, close personal, or prior professional relationship with the lawyer."  Cal. Rules of Prof'l Conduct R. 7.3(a).

Not only was this argument waived because it was raised

for the first time in plaintiffs' reply brief, see Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir. 1996), the argument is also unpersuasive.  Plaintiffs have not convinced the court that contacting putative class members by telephone regarding their deposition would constitute solicitation for professional employment motivated by pecuniary gain.  Plaintiffs have cited no case law to support their contention.  Moreover, Rule 7.3 of the California Rules of Professional Conduct does not appear to apply to merely contacting and coordinating with putative class members by letters or emails.  In short, because plaintiffs have not demonstrated that contacting the putative class members in the way contemplated would violate the California Rules of Professional Conduct, the court will not assume that it will.

Accordingly, the court finds that none of plaintiffs' arguments weigh in favor of appointing interim counsel.  Denying the appointment of interim class counsel will not prejudice the putative class in any way.  "Failure to make the formal designation does not prevent the attorney who filed the action from proceeding in it.  Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole."  Fed. R. Civ. P. 23, advisory committee's notes.  In the absence of special circumstances warranting appointment of interim class counsel, the court will wait to consider the adequacy of representation and appointment of class counsel until such time as plaintiffs move for class certification.

IT IS THEREFORE ORDERED that plaintiffs' motion to appoint Robert L. Brace and Michael P. Denver as interim class

5

counsel (Docket No. 71) be, and the same hereby is, DENIED.

Dated: November 5, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE